## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HEATHER D., a minor individual, by and | : | CIVIL ACTION |
| through her parents and natural guardians | : | |
| JUDY D. and JAMES D., and JAMES D., | : | NO.  01-770 |
| individually and JUDY D. individually, | : | NO.  03-3852 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NORTHAMPTON AREA SCHOOL | : | |
| DISTRICT, | : | |
| Defendant. | : | |

### MEMORANDUM

BUCKWALTER, S. J.                                                                                  April 9, 2008

       Plaintiffs' post trial motions are totally devoid of merit.  The verdict in favor of defendants is supported by the testimony of defense witnesses which the jury obviously chose to believe, despite the genuine sympathy which the plaintiffs' case engendered.

       The testimony of the plaintiff, Judy D., involved an understandable emotional outburst, the possible prejudicial effect of which prompted defendant to seek a mistrial. Plaintiffs opposed that motion, but now states that plaintiffs are entitled to a new trial because of the "inadvertent emotional outburst because the jury's verdict 'reflects that it was biased against the plaintiffs and/or influenced by a passion or prejudice related to this event.'"  It is, to say the least, difficult to see how plaintiffs' counsel could conjure up such an argument, much less agree with it.

The principal argument of plaintiffs is that a video deposition of a defense witness, Dr. Davis, made reference to an award of compensatory education that violated the court's pretrial order.  Plaintiffs do not contest defendant's brief, which states:

> Plaintiffs' counsel herself introduced the subject of compensatory education when she cross-examined Dr. Davis.  The only question plaintiffs' counsel asked was whether she was aware of any hearing officer decisions awarding Heather compensatory education.  Dr. Davis did not testify to any knowledge regarding the compensatory education award, she only testified that she did not remember any details about any awards and did not pay a lot of attention to the hearing officer and appeals panel decisions because she was "focused on the behavioral history and treatment history."  (Videotape deposition Davis p. 75-76).

It is doubtful that the above even violated the court's order with precluded mentioning of the compensatory education award previously made by the court.  In any event, it was clearly harmless.

As far as Juror #7, plaintiffs' merely allege that it is possible that the juror had come into contact with plaintiffs at KidsPeace.  The uncontradicted statement in defendant's brief as to what occurred at voir dire demonstrates that this alleged error is meritless.

An order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| HEATHER D., a minor individual, by and | : | CIVIL ACTION |
| through her parents and natural guardians | : | |
| JUDY D. and JAMES D., and JAMES D., | : | NO.  01-770 |
| individually and JUDY D. individually, | : | NO.  03-3852 |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| NORTHAMPTON AREA SCHOOL | : | |
| DISTRICT, | : | |
| Defendant. | : | |

**ORDER**

**AND NOW**, this 9th day of April, 2008, upon consideration of Plaintiffs' Motion

for Judgment Notwithstanding the Verdict; or in the Alternative, for Award Vacating/Altering/

Amending the Verdict; and in Further Alternative for a New Trial under Fed.R.Civ.P. 59, and

Defendant's response thereto, it is hereby **ORDERED** that Plaintiffs' Motion (Docket No. 118),

is **DENIED**.

BY THE COURT:

_s/ Ronald L. Buckwalter_
RONALD L. BUCKWALTER, S.J.